No. 15,074.

First Congregational Church of Fort Collins v.
Wright, Assessor et al.
(131 P. [2d] 419)

Decided November 9, 1942.

Mr. L. R. Temple, Mr. Albert P. Fischer, for plaintiff in error.

Mr. Mortimer Stone, Mr. Alden T. Hill, for defendants in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

This was an action brought by The First Congregational Church of Fort Collins, Colorado, plaintiff in error, against the taxing officials of Larimer county to restrain them from collecting the 1939 taxes on a building owned by the church corporation on the ground that the property was used "exclusively for religious worship." The trial was to the Court, who, after hearing all the evidence, found contrary to the contention of plaintiff and entered a judgment of dismissal. Reversal is sought on a writ of error.

The property in question consisted of a lot upon which is a one-story building about 52 feet long, 32 feet wide, and 14 feet high, exclusive of an eight-foot basement, located at 626 South College Avenue in Fort Collins. Prior to 1928 it was used exclusively by the Congregational Church as a place of worship. In 1928 the church was merged with the Unity Church and is now called the Congregational-Unitarian Church of Fort Collins, but the legal title to the building is still in The First Congregational Church. After union with the Unity Church, all of the regular church services were held in the Unity Church building at another address in the city, except a part of the Sunday School which met in the building in question. During the week, the premises were occupied by a Mrs. Leonard, who conducted an "Academy of Fine Arts" in the building, the property being leased to her at a monthly rental of twenty-three dollars. It further appears from the record that Mrs. Leonard fre-

quently subleased the building to others for special meetings, she retaining the rentals therefor.

The assessor testified that "the church was assessed at a valuation of $1,790, which was six-sevenths of the actual value," on the theory that the building was used exclusively for religious purposes only on Sunday.

The trial court, as indicated, upheld the assessment. The two points urged for reversal are: "1. The finding of the court is contrary to the evidence. 2. The property in question is exempt from taxation."

As to the sufficiency of the evidence, enough has already been said to indicate that the building was not used exclusively for religious purposes within the meaning of the constitutional and statutory provisions exempting church property from taxation. A comprehensive statement of the Colorado authorities bearing on this question may be found in *Creel v. Masonic Association,* 100 Colo. 281, 68 P. (2d) 23, and no good purpose would be served by further elaboration of them as related to the present litigation. Considerable reliance is placed on the argument that the amount received for rental was insufficient to pay the interest on the loan ($3,000), expenditures for maintenance, and insurance; hence there was no profit derived from the property; that all the revenue went into the general expense account, and that, therefore, the building was used "incidentally" for religious purposes. We think under the facts disclosed by the record that this building was not used "exclusively for religious worship" but on the contrary was employed primarily for commercial and business purposes, and hence taxable.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE HILLIARD dissent.

MR. JUSTICE GOUDY not participating.